UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>          Plaintiff,<br><br>     v.<br><br>TALLERICO, et al.,<br><br>          Defendants. | 1:16-cv-01189-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 17)<br>30-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF A COPY OF HIS FIRST AMENDED COMPLAINT AND A CIVIL RIGHTS COMPLAINT FORM (ECF NO. 5) |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 12, 2016, Plaintiff filed his first amended complaint. (ECF No. 5). On that same day, Plaintiff filed a request for judicial notice. (ECF No. 6). On November 15, 2016, because the Court was unable to determine if Plaintiff was attempting to amend his complaint via the request for judicial notice, the Court ordered Plaintiff to either file a second amended complaint or notify the Court that he wants to proceed on the first amended complaint. (ECF No. 14).

On December 2, 2016, Plaintiff filed a response. (ECF No. 17). According to the response, Plaintiff wishes to add additional defendants to the case. Because amending the complaint is necessary if Plaintiff wishes to add additional defendants, the Court will grant Plaintiff 30 days from the date of service of this order to file a second amended complaint.

The Court notes that Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and that the amended complaint must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is ORDERED that Plaintiff has 30 days from the date of service of this order to file a second amended complaint. <u>Failure to comply with this order may result in dismissal of this action</u>.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send Plaintiff a copy of his first amended complaint (ECF No. 5) and a civil rights complaint form.

IT IS SO ORDERED.

Dated:   **December 6, 2016**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE