UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, | 1:16-cv-01189-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 21) |
| v. | |
| TALLERICO, et al., | |
| Defendants. | |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 25, 2017, the Court issued a screening order, which dismissed Plaintiff's Second Amended Complaint with leave to amend. (ECF No. 20). The Court found that the Second Amended Complaint violated Federal Rule of Civil Procedure 8(a) because it was too long, and alleged 13 causes of action against 17 defendants. (Id.). Additionally, the Court found that the events alleged in the Second Amended Complaint did not appear to be connected, except insofar as they occurred while Plaintiff was incarcerated at one prison. (Id.). Instead, they appeared to be a listing of interactions with prison staff over time that were unsatisfactory to Plaintiff. (Id.).

On February 6, 2017, Plaintiff filed a motion for reconsideration of the Court's screening

order. (ECF No. 21). Plaintiff states that his Second Amended Complaint, including the civil complaint form, is only 45 pages, not 47 like the Court stated. Additionally, Plaintiff argues that the events alleged in his First Amended Complaint are all related, apparently because "all of the correctional staff enter [sic] mingle [sic] within [Kern Valley State Prison's] close nit [sic] community." (Id.).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:[1]

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order dismissing his Second amended Complaint. Whether the complaint is 45 pages or 47 pages, it still violates Federal Rule of Civil Procedure 8(a).

Plaintiff mentions that it would be difficult to include all of the constitutional violations in a smaller complaint. However, as the Court instructed, Plaintiff can file multiple separate complaints addressing the separate claims.

Even if Plaintiff is correct that Kern Valley State Prison is a close knit community, he still may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). Federal Rule of Civil Procedure 20(a)(2) states: "Persons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

---

[1] Plaintiff filed his motion under Federal Rule of Civil Procedure 59(e), but no judgment has been entered in this case.

defendants will arise in the action." Plaintiff does not satisfy this standard as to all 17 defendants.

Accordingly, based on the foregoing, it is ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff has thirty (30) days from the date of service of this order to comply with the screening order dated January 25, 2017 (ECF No. 20).

IT IS SO ORDERED.

Dated:   **February 7, 2017**                    /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE