UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>          Plaintiff,<br><br>v.<br><br>TALLERICO, et al.,<br><br>          Defendants. | 1:16-cv-01189-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF NO. 25) |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 24, 2017, the Court screened Plaintiff's Third Amended Complaint. (ECF No. 24). The Court found the following cognizable claims: a claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident; a claim for retaliation in violation of the First Amendment against Officers Dyer and Huckleberry regarding their cell search; a claim against Defendant Tallerico for retaliation in violation of the First Amendment; and a claim against Officer Yerry for violation of the Eighth Amendment. (Id. at 10). The Court found no other claims against these defendants or against any other defendants. (Id.).

On May 9, 2017, Plaintiff filed what the Court construes as a motion to reconsider its

screening order.[1] (ECF No. 25).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to show any of the above-mentioned reasons. Plaintiff describes various facts he believes the Court overlooked, and includes legal standards Plaintiff apparently believes the Court should have considered but did not. However, the Court has reviewed Plaintiff's motion, its screening order, and the Third Amended Complaint, and the Court did not overlook any factual allegations in the Third Amended Complaint or make a mistake regarding the applicable legal standards or their application.

Plaintiff's motion also includes additional factual allegations, a declaration, and a new claim. Plaintiff's motion specifies what property was taken from him, and has attached as Exhibit A a declaration from inmate David Harring that describes what David Harring saw in regards to Plaintiff's property being taken. Additionally, Plaintiff's motion attempts to assert a new claim for conspiracy.

A motion for reconsideration is not the appropriate way to add factual allegations and a new claim to a complaint. If Plaintiff wishes to add additional factual allegations and a claim for conspiracy to his complaint, he needs to file a motion for leave to amend his complaint.

The Court notes that if Plaintiff does file a motion for leave to amend his complaint, and if the Court grants that motion, the amended complaint will be screened in due course. This may

---

[1] Plaintiff filed his motion under Federal Rule of Civil Procedure 59(e), but no judgment has been entered in this case.

result in delay to the claims already found cognizable.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **May 10, 2017**

/s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE