UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>   Plaintiff,<br><br>   v.<br><br>TALLERICO, et al.,<br><br>   Defendants. | Case No. 1:16-cv-01189-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL AND MOTION TO STAY PROCEEDINGS<br><br>(ECF NOS. 34 & 35) |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 25, 2017, Plaintiff filed a motion for appointment of pro bono counsel (ECF No. 34) and a motion to stay the proceedings until the Court rules on Plaintiff's motion for appointment of pro bono counsel (ECF No. 35).

Among other reasons, Plaintiff asks for appointment of counsel because he has limited knowledge of the relevant law and procedure, because he works from 8:00 a.m. to 3:00 p.m., because he does not learn as fast or efficiently as others, because it is difficult for Plaintiff to get time at the law library, because Plaintiff has medical issues, because Plaintiff has mental health issues, because Plaintiff will be unable to locate pertinent witnesses, and because Plaintiff will not

be provided with relevant policies and practices because of safety and security concerns.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and response to Court orders.

Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

As the Court is denying Plaintiff's motion for appointment of pro bono counsel, it will deny Plaintiff's motion to stay the proceedings until the Court rules on Plaintiff's motion for appointment of pro bono counsel as moot

For the foregoing reasons, IT IS ORDERED that:

    1. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice; and

///

///

///

2. Plaintiff's motion to stay the proceedings until the Court rules on Plaintiff's motion for appointment of pro bono counsel is DENIED as moot.

IT IS SO ORDERED.

Dated: **August 28, 2017**　　　　　　/s/ Erin P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE