UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>    Plaintiff,<br><br>v.<br><br>TALLERICO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01189-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF *WILLIAMS* DECISION<br><br>(ECF NOS. 23 & 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff consented to magistrate judge jurisdiction. (ECF No. 7). Defendants declined to consent to magistrate judge jurisdiction. (ECF No. 43).

The Court previously screened Plaintiff's complaint before Defendants appeared. (ECF No. 24). The Court allowed the case to proceed on the following claims: Plaintiff's claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident; Plaintiff's claim for retaliation in violation of the First Amendment against Officers Yerry and Trotter regarding their search of Plaintiff's cell;[1] Plaintiff's claim against Defendant Tallerico for retaliation in violation of the First Amendment; and Plaintiff's claims against Officer Yerry for violation of the Eighth Amendment. (Id.). The Court dismissed all other claims and defendants. (Id.).

As described below, in light of Ninth Circuit authority, this Court is recommending that

---

[1] The Court notes that the screening order (ECF No. 24) erroneously stated that this claim was proceeding against Officers Dyer and Huckleberry. The Court will recommend that this claim proceed against Officers Yerry and Trotter (instead of Officers Dyer and Huckleberry), because Yerry and Trotter are the officers who allegedly conducted the cell search.

1

the assigned district judge dismiss claims and defendants consistent with the order by the magistrate judge at the screening stage.

## I. *WILLIAMS v. KING*

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction and defendants had not yet been served. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." *Id.* at 501.

Here, the defendants were not served at the time the Court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss claims and defendants based solely on Plaintiff's consent.

In light of the holding in *Williams*, this Court will recommend to the assigned district judge that he dismiss the claims and defendants previously dismissed by this Court, for the reasons provided in the Court's screening order.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**III.     SUMMARY OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff's Third Amended Complaint begins by describing how Plaintiff filed a grievance against appeals coordinator Defendant Tallerico on or around December 28, 2014, alleging a violation of Plaintiff's First Amendment rights. The appeal was returned unanswered.

On or around January 13, 2015, Plaintiff and his cell mate were placed in Administrative Segregation ("Ad-Seg") under the guise of "conspiracy to attack staff."

While Plaintiff was in a holding cell prior to his Ad-Seg placement, the facility sergeant presented Plaintiff with his property/inventory sheet. Plaintiff noticed a number of items were missing, and informed the sergeant. The Sergeant responded "Oh due to the amount of property you have it's more than likely it's in there. You really dont [sic] expect my officers to document all of that stuff do you?" Plaintiff refused to sign the inventory sheet. The sergeant took the inventory sheet, left the room, then came back with the sheet, which had the words "Refused to sign and identify what was missing," written on it.

In January of 2015, while still in Ad-Seg, Plaintiff was forced to sleep without a

mattress for one week. The mattress was returned only when Plaintiff refused to return his food tray if he was not provided with a mattress.

On or around January 28, 2015, Plaintiff submitted a CDCR 22 form "request for interview" to officers Dyer and Huckleberry regarding his property. Approximately four days later, Officer Yerry and Officer Trotter came to Plaintiff's cell and ordered Plaintiff to "cuff up" for a cell search. Officer Yerry refused to abide by a medical chrono that stated that Plaintiff required waist chains due to a medical condition (Plaintiff was medically unable to put his hands behind his back). Plaintiff was nevertheless put in handcuffs with his hands behind his back and left in the shower for approximately 45 minutes. Plaintiff was in unbearable pain. When Plaintiff returned to his cell, he saw that his bed linen had been placed in the toilet, his legal papers were scattered across the cell floor, and some of his legal papers were missing.

Plaintiff filed a staff complaint against Officer Yerry and Officer Trotter. Plaintiff placed the complaint in the institutional mail addressed to the appeal coordinator. Plaintiff never received a response.

On or around February 11, 2015, Plaintiff received a notice of dismissal from the Northern District Court, for civil complaint no cv-13-4410. The Ninth Circuit upheld dismissal of Plaintiff's civil complaint. Plaintiff made numerous attempts to "survive" said dismissal, but was unable to do so due to staff stealing and/or destroying plaintiff's legal materials.

On or around February 18, 2015, Plaintiff received another notice of dismissal from the district court.

Plaintiff filed multiple appeals regarding the destruction of his legal property, but they were rejected and returned. Plaintiff claims that Defendant Tallerico in particular retaliated against Plaintiff by denying his legal property appeals. On or around March 23, 2015, the associate warden, Mr. Arlitz, admitted that staff confiscated Plaintiff's legal property. Plaintiff filed multiple complaints against Defendant Tallerico, but they were all rejected and returned. On June 12, 2015, Defendant Tallerico came to Plaintiff's cell and told Plaintiff to be careful about how Plaintiff talks to people who have access to his C-file.

Plaintiff's girlfriend visited Plaintiff on or around May 16, 2015. At the conclusion of the visit, Officer Yerry made racial and sexual jokes about Plaintiff. Officer Yerry made Plaintiff bend over and spread his buttocks for an excessive amount of time. Officer Yerry stated that he "does not understand why Mexican women like you black criminals." Officer Yerry referred to Plaintiff as being hung like a donkey.

Plaintiff alleges that he filed claims with the Government Claims Office, and that they were denied.

Plaintiff alleges the following causes of action: violation of his First Amendment right to access the courts; violation of his Fourteenth Amendment right to equal protection; violation of his First Amendment right to speech through retaliation; violation of a purported First Amendment "right to read" by the theft and destruction of Plaintiff's legal property; having a custom or policy that facilitated deliberate indifference to rights of inmates; violation of his Eighth Amendment right to be free from cruel and unusual punishment; and a "campaign of petty harassment" in violation of the First Amendment.

## IV. RIGHT TO ACCESS THE COURTS

### A. Legal Standards

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015)). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A plaintiff must show that he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

### B. Analysis of Access to Courts Claim

Regarding this claim, Plaintiff alleges that he was placed in Ad-Seg in January 2015. While there, he received an incomplete property inventory sheet and declined to sign it. He

alleges that Officer Yerry and Officer Trotter conducted a cell search and in the process scattered Plaintiff's legal papers across the cell floor. At some point, Plaintiff was afforded limited access to his property by Ad-Seg property officer Chavez 2/w Fac-B2. Plaintiff identified some missing items. On February 10, 2015, he filed an inmate appeal regarding the theft and/or destruction of his legal material. Then, on February 11, 2015, Plaintiff received a notice of dismissal from the Northern District Court, civil complaint no. 13cv4410. This dismissal was upheld.

Plaintiff does not allege sufficient facts to support a constitutional violation for interference with access to the courts. Although Plaintiff alleges that some property was missing and a case was dismissed less than a month later, he does not connect a theft of property to the dismissal of the lawsuit. In order to state such a claim, Plaintiff must allege that he was improperly deprived of legal property or legal access and as a result of that deprivation his case was dismissed. In other words, Plaintiff must allege the reason the court gave for dismissing the case and connect that to the prison improperly depriving him of legal property or access.

Plaintiff also alleges a violation of a purported First Amendment "right to read" by the theft and destruction of Plaintiff's legal property. The Court does not find legal support for a separate First Amendment right to read separate and apart from the access to the courts claim. Thus, the Court does not find a separate claim on that basis.[2]

## V. EQUAL PROTECTION

### A. Legal Standards

To state a § 1983 claim for violation of the Equal Protection Clause, Plaintiff must "show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). To state a claim under § 1981, Plaintiff must allege that he suffered intentional

---

[2] Plaintiff may have a constitutional right to certain reading materials, *see, e.g.*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Beard v. Banks*, 548 U.S. 521 (2006), but Plaintiff did not list a violation of this right as one of his claims, or allege facts that, if true, would show a violation of this right.

discrimination based on his race. *Martin v. Ampco Sys. Parking*, 2013 WL 5781311, at *14 (D. Haw. Oct. 24, 2013) (citing *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1487 (9th Cir. 1995)); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985). And to state a claim under § 1985(3), Plaintiff must allege a conspiracy motivated by race or class-based discriminatory animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993); *see Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (explaining that an allegation of race or class-based discrimination is required to plead a § 1985(3) claim).

### B. **Analysis of Equal Protection Claim**

Regarding this claim, Plaintiff alleges that he received a visit from his girlfriend on May 16, 2015. At the conclusion of the visit, Officer Yerry ordered Plaintiff to "strip-out." Officer Yerry began to make racial and sexual jokes about plaintiff. Officer Yerry forced Plaintiff to bend over and spread his "buttocks." Officer Yerry stated that he "does not understand why Mexican women like you black criminals." Officer Yerry ordered Plaintiff to continue to spread his buttocks and bend over at the waist for an excessive amount of time. Officer Yerry referred to Plaintiff being hung like a donkey.

In light of these allegations, Plaintiff has stated a claim that Officer Yerry violated Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident.

Plaintiff also alleges that other defendants violated his equal protection rights by stealing and destroying his legal property, and refusing to process his appeals. However, the Court finds that Plaintiff has not stated any other equal protection claims because Plaintiff's allegations, even if true and construed in favor of Plaintiff, do not establish that any of the other defendants' actions were done on account of Plaintiff's race.

## VI. RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

### A. **Legal Standards**

Prisoners have a First Amendment right to file prison grievances. *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir.2003). There are five basic elements to a First Amendment retaliation claim:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005).

### B. Analysis of Plaintiff's Retaliation Claim

Plaintiff alleges that four days after he filed a request for interview form (which was filed January 28, 2015) to Officers Dyer and Huckleberry regarding missing property, Officers Yerry and Officer Trotter searched his cell. As part of the search, Officers Yerry and Trotter put Plaintiff's bed linen in the toilet and scattered Plaintiff's legal papers across the floor.

Plaintiff has stated a claim for retaliation in violation of the First Amendment against Officers Yerry and Trotter regarding this search. Although there are not allegations establishing a direct connection between the filing of grievances and the search, the proximity in time combined with the conduct of the search are sufficient to draw an inference that the search was done in retaliation, at least for the purposes of proceeding on the claim.

Separately, Plaintiff alleges that he filed multiple grievances against Defendant Tallerico, which Defendant Tallerico himself improperly cancelled. Plaintiff alleges that on June 12, 2015, Defendant Tallerico threatened plaintiff "to be careful about how plaintiff talk to people who has access to their C-file." Based on these allegations, the Court finds that Plaintiff has sufficiently stated a claim against Defendant Tallerico for retaliation in violation of the First Amendment.

Although Plaintiff also alleges retaliation by various defendants based on improperly denying or cancelling Plaintiff's grievances, and harassment, the Court does not find a constitutional claim based on these allegations. Plaintiff has not alleged any facts that would show that these actions were taken because Plaintiff engaged in protected conduct.

### VII. CUSTOM AND POLICY OF DELIBERATE INDIFFERENCE

#### A. Legal Standards

Defendants may be liable under § 1983 if they "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To establish liability based on a policy, a plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

### B. Analysis of Unconstitutional Custom or Practice

The Court has evaluated the individual claims as alleged, but finds that Plaintiff has not alleged sufficient facts to show that there was a custom or policy that led to the alleged violation of Plaintiff's constitutional rights.

Although Plaintiff also alleges a "campaign of petty harassment," this is not a legal claim separate and apart from the law cited above and elsewhere in this order.

## VIII. EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT

### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9-10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

### B. Analysis of Eighth Amendment Claim

Plaintiff alleges that he has a medical condition that prevents him from safely placing

his hands behind his back, and that he had a medical chrono as evidence of this. Nevertheless, Plaintiff alleges that Officer Yerry required him to "cuff-up" by putting his hands behind his back during a cell search in February, 2015. Plaintiff immediately began to experience overwhelming pain in his back, right arm, and neck. Plaintiff was left in that manner in a shower for approximately 45 minutes. Plaintiff's pain became so unbearable that he yelled and screamed, demanding to be uncuffed.

These allegations, construed in Plaintiff's favor at this stage of the case, sufficiently state an Eighth Amendment claim against Officer Yerry.

Plaintiff also alleges that Officer Yerry's search of Plaintiff, which included forcing Plaintiff to bend over for extended periods of time with buttocks spread, violated Plaintiff's constitutional rights. The Court is not making a legal finding at this stage regarding whether this conduct would violate the Eighth Amendment, but will allow the claim to go forward at this time for further factual investigation and legal analysis including input from all parties involved.

## IX.  CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS HEREBY RECOMMENDED that all claims and defendants be DISMISSED, except for Plaintiff's claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officers Yerry and Trotter regarding their cell search,[3] his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to

---

[3] As noted above, the screening order (ECF No. 24) erroneously stated that this claim was proceeding against Officers Dyer and Huckleberry.

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 8, 2017**　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE