UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>TALLERICO, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01189-AWI-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF NOS. 23, 24, & 53) |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 9, 2017, Plaintiff filed a Second Amended Complaint. (ECF No. 19). The assigned Magistrate Judge screened that complaint, and dismissed it with leave to amend. (ECF No. 20).

On February 9, 2017, Plaintiff filed a Third Amended Complaint. (ECF No. 23). The Magistrate Judge screened the Third Amended Complaint. (ECF No. 24). The "order" section of the screening order stated that Plaintiff had stated a claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, a claim for retaliation in violation of the First Amendment against Officers Dyer and Huckleberry regarding a cell search,[1] a claim against Defendant Tallerico for retaliation in

---

[1] The order portion of the screening order erroneously stated that this claim was proceeding against Officers Dyer and Huckleberry. (ECF No. 24). A review of the analysis portion of the screening order shows that the order found that Officers Yerry and Trotter actually conducted the search at issue.

1

violation of the First Amendment, and a claim against Officer Yerry for violation of the Eighth Amendment. (Id.). All other claims and defendants were dismissed. (Id.).

In light of the decision in Williams v. King, 875 F.3d 500 (9th Cir. 2017), on December 8, 2017, the magistrate judge entered Findings and Recommendations ("F&R"), recommending that all claims and defendants be dismissed, except for Plaintiff's claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officers Yerry and Trotter regarding their cell search,[2] his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment. (ECF No. 53, p. 10).

The parties were provided an opportunity to file objections to the F&R within fourteen days. Plaintiff filed an objection, (ECF No. 54), Defendants did not. In his objections, Plaintiff states that defendants were erroneously dismissed, and that he wants this case to be halted so that he can re-file his original complaint against all of the original defendants.[3]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be generally supported by the record and proper analysis.

As to the argument Plaintiff is apparently making that the Magistrate Judge erroneously dismissed his Second Amended Complaint because, under Williams, she did not have jurisdiction to do so, Plaintiff is correct. However, this Court has reviewed the Magistrate Judge's screening order (ECF No. 20), and adopts the analysis therein. Plaintiff's Second Amended Complaint did not comply with Federal Rule of Civil Procedure 8(a) or 20(a)(2). As the Magistrate Judge pointed out, the events alleged in the Second Amended Complaint do not

---

[2] The Findings and Recommendation explained that prior screening order had mistakenly stated that this claim was against Dyer and Huckleberry. (ECF No. 53).

[3] While Plaintiff states that he wants to re-file his original complaint, it appears he is referring to his Second Amended Complaint, because that is the first complaint that was screened (and dismissed) by the Magistrate Judge.

appear to be connected. Instead, Plaintiff appears to have listed every grievance he had with a staff member while at Kern Valley State Prison. The events alleged "cover a wide range of interactions between Plaintiff and prison staff including harassment of Plaintiff's girlfriend during visiting hours, mistreatment of Plaintiff's legal mail, mishandling of Plaintiff's grievances, failure to provide adequate pain medication, and inappropriate strip searches, among other topics." (ECF No. 20, p. 3). Therefore, while the Magistrate Judge did not have jurisdiction to dismiss Plaintiff's Second Amended Complaint, this Court finds that the Magistrate Judge's analysis was correct and that Plaintiff's Second Amended Complaint should have been dismissed. Accordingly, there is no need to halt this case to allow Plaintiff to re-file his complaint, and Plaintiff's objections are overruled.

Nevertheless, the Court cannot adopt the F&R entirely. The screening order discussed Officer Trotter's participation in the cell search, and the F&R found that a viable claim of retaliation had been stated against him. (ECF Nos. 24, 53). A review of the Third Amended Complaint shows that Officer Trotter is mentioned in the allegations, but he is not expressly named as a defendant. (Doc. No. 23). Considering Plaintiff's pro se status, this creates an ambiguity within the Third Amended Complaint. However, the minutes of the January 22, 2018 scheduling conference indicate that Plaintiff explained that he was not bringing suit against Officer Trotter, and to the extent that Officer Trotter was included as a defendant, he voluntarily dismissed Trotter. (ECF No. 56). In light of the Plaintiff's representations and the Third Amended Complaint itself, Officer Trotter is not a party to this case. To the extent that the F&R finds a viable claim against Officer Trotter, the Court respectfully cannot adopt this portion of the F&R because Officer Trotter is not a party to this case.

Therefore, IT IS HEREBY ORDERED that:
1. The findings and recommendations issued by the Magistrate Judge on December 8, 2017 (ECF No. 53), are ADOPTED, consistent with the above analysis;
2. This action shall proceed on Plaintiff's Third Amended Complaint (ECF No. 23) on his claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment

rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officer Yerry regarding the cell search, his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment;

3. All other claims and defendants are DISMISSED from this action; and
4. This case is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   February 7, 2018

SENIOR DISTRICT JUDGE