1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 SHANNON RILEY, | Case No. 1:16-cv-01189-AWI-EPG (PC) |
| 11       Plaintiff, | ORDER DENYING PLAINTIFF'S |
| 12     v. | MOTION FOR ISSUANCE OF SUBPOENAS DUCES TECUM |
| 13 TALLERICO and YERRY, | (ECF NO. 60) |
| 14       Defendants. | |
| 15 | |
| 16 | |

17       Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

18 in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on

19 Plaintiff's "claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment

20 rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in

21 violation of the First Amendment against Officer Yerry regarding the cell search, his claim

22 against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims

23 against Officer Yerry for violation of the Eighth Amendment." (ECF No. 62, pgs. 3-4).

24       On February 7, 2018, Plaintiff filed a motion for the issuance of third party subpoenas.

25 (ECF No. 60).[1] Plaintiff requests that he be allowed to issue subpoenas to S. Henderson

26 (Captain), Arlitz (Associate Warden), Biter (Warden), Aguilar (Correctional Officer), Machado

27 _____

28     [1] In the title of his motion, Plaintiff cites to Federal Rule of Civil Procedure 26(b)(1). However, it is Federal Rule of Civil Procedure 45 that deals with the issuance of subpoenas.

(Correctional Officer), and D. Stebbins (Associate Warden). Plaintiff's document request largely focuses on letters that he sent to Warden Biter, as well as the responses he received.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff's motion will be denied without prejudice to Plaintiff refiling this motion once he has complied with the applicable requirements. Plaintiff has failed to make a showing that the requested records are only available through the third parties. (See ECF No. 59, pgs. 3-4). Given that discovery was opened less than two weeks before Plaintiff filed this motion (ECF No. 59, p. 2) it appears that Plaintiff did not even attempt to see if Defendants had access to the documents he is requesting before filing this motion. Plaintiff shall request these documents from Defendants and refile the request if Defendants cannot or refuse to provide the requested material.

To the extent Defendants object to the request on the basis that documents held by the CDCR are outside their possession, custody and control and require a third party subpoena, defendants shall make this objections as promptly as possible.

The Court also notes that Plaintiff may not request "information" in a subpoena

2

(Plaintiff states on numerous occasions in the motion that he is seeking "information"). Plaintiff may only ask that the third party produce documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45. If Plaintiff refiles this motion, he should identify with specificity the documents, electronically stored information, or tangible things that he wants the target of the subpoena to produce.

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for the issuance of third party subpoenas is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 8, 2018**              /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE