UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>    Plaintiff,<br><br>v.<br><br>TALLERICO and YERRY,<br><br>    Defendants. | Case No. 1:16-cv-01189-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 66) |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 8, 2017, Magistrate Judge Erica P. Grosjean issued findings and recommendations, recommending that all claims and defendants be dismissed, except for Plaintiff's claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officers Yerry and Trotter regarding their cell search, his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment. (ECF No. 53, p. 10).

On February 7, 2018, this Court adopted the findings and recommendations in part, and

allowed this action to proceed on Plaintiff's "claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officer Yerry regarding the cell search, his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment." (ECF No. 62, pgs. 3-4). All other claims and defendants were dismissed. (Id. at 4).

On February 16, 2018, Plaintiff filed a motion for reconsideration of this Court's order adopting the findings and recommendations. (ECF No. 66). Plaintiff alleges that the Court erroneously dismissed claims and defendants. Plaintiff also requests a stay so that he can conduct discovery and provide evidence to the Court of Aguilar, Dyer, Huckleberry, and Machado's "culpability in the specific act of retaliation." (Id. at 4).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the Court's February 7, 2018 order. Plaintiff essentially alleges that the Court was incorrect in its analysis. However, the Court has reviewed the findings and recommendations, as well as its order adopting the findings and recommendations in part, and its order is legally sound.

The Court did not find a cognizable First Amendment retaliation claim against Aguilar, Dyer, Huckleberry, or Machado because Plaintiff did not sufficiently allege a connection between a constitutionally protected action that he took and the alleged destruction of his legal property by Aguilar, Dyer, Huckleberry, and Machado.

The Court did not find a cognizable First Amendment access to courts claim because Plaintiff failed to allege how the destruction of his legal property led to the dismissal of his case in the Northern District Court. As explained in the findings and recommendations (ECF No. 53, pgs 5-6), the allegation that his Northern District case was dismissed is not by itself enough to state a cognizable access to courts claim.

As to Plaintiff's request that all proceedings be halted so that Plaintiff can gather evidence, that request will be denied. At the screening stage, all of Plaintiff's factual allegations are taken as true. Accordingly, there is no need for Plaintiff to present evidence to the Court regarding Aguilar's, Dyer's, Huckleberry's, or Machado's conduct, and thus no need for discovery on the issue.

Accordingly, based on the foregoing, it is ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and
2. Plaintiff's request for a stay is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2018

_____
SENIOR DISTRICT JUDGE