UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY,<br><br>        Plaintiff,<br><br>    v.<br><br>TALLERICO and YERRY,<br><br>        Defendants. | Case No. 1:16-cv-01189-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM<br><br>(ECF NO. 82)<br><br>THIRTY-DAY DEADLINE |

Shannon Riley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is now proceeding on Plaintiff's "claim against Officer Yerry for violation of Plaintiff's Fourteenth Amendment rights to equal protection related to the May 16, 2015 incident, his claim for retaliation in violation of the First Amendment against Officer Yerry regarding the cell search, his claim against Defendant Tallerico for retaliation in violation of the First Amendment, and his claims against Officer Yerry for violation of the Eighth Amendment." (ECF No. 62, pgs. 3-4). All other claims and defendants were dismissed. (Id. at 4).

On June 13, 2018, Plaintiff filed a motion for issuance of a subpoena. (ECF No. 82). Plaintiff requests that he be provided with a copy of the book/sign in sheet/log that staff are required to sign when entering and exiting the facility that includes the date of June 12, 2015. Plaintiff requests this information so that he can show that defendant Tallerico was at Facility-B (at Kern Valley State Prison) on June 12, 2015.

1

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Plaintiff is seeking a copy of the book/sign in sheet/log that staff are required to sign when entering and exiting the facility that includes the date of June 12, 2015. This information is relevant to determining the whereabouts of defendant Tallerico during one of the days at issue in the complaint, and the burden and expense of producing documents that contain this information should be minimal. Thus, the Court shall grant Plaintiff's request for a subpoena directed at California Department of Corrections and Rehabilitation ("CDCR") and will send him a subpoena *duces tecum* (form AO 88B) to complete and return.[1] The Court notes that when completing the subpoena, Plaintiff should identify with specificity the book/sign in sheet/log that he is seeking.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for issuance of a subpoena is GRANTED;

---

[1] Plaintiff requests that the subpoena be issued on "Defendants [sic] Tallerico, Kern Valley State Prison and/or California Department of Corrections and Rehabilitation." Given the ambiguity as to the person or entity Plaintiff wishes to subpoena, as well as Plaintiff's allegation that he already tried to get the requested documents from defendant Tallerico, at this time the Court will only allow Plaintiff to issue the subpoena to CDCR.

2. The Clerk of Court is directed to send Plaintiff a copy of form AO 88B and a copy of form USM-285; and

3. Plaintiff has thirty days from the date of service of this order to complete and return form AO 88B and form USM-285.

IT IS SO ORDERED.

Dated: **June 18, 2018**

/s/ Eric P. Grojean
UNITED STATES MAGISTRATE JUDGE